**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 21-1552**

───────────

VIVIAN GREEN,

Plaintiff - Appellant,

v.

BOARD OF EDUCATION OF ANNE ARUNDEL COUNTY,

Defendant - Appellee.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Stephanie A. Gallagher, District Judge.  (1:19-cv-02595-SAG)

───────────

Submitted:  November 22, 2022                    Decided:  January 4, 2023

───────────

Before NIEMEYER and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** David A. Branch, LAW OFFICE OF DAVID A. BRANCH & ASSOCIATES, PLLC, Washington, D.C., for Appellant.  Gregory J. Swain, County Attorney, Genevieve G. Marshall, Senior Assistant County Attorney, ANNE ARUNDEL COUNTY OFFICE OF LAW, Annapolis, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vivian Green, a 60-year-old, African American primary school teacher who had been hired under a "provisional" teaching contract that expired after one year, was not rehired, purportedly because she had received poor ratings during the year from three different persons at two different schools. Claiming that she was not rehired because of her race and her age, she commenced this action against her employer, the Board of Education of Anne Arundel County ("School Board"), alleging that the School Board "knowingly and intentionally subjected [her] to disparate treatment and created a hostile work environment based on her race" and "subjected [her] to retaliation and a retaliatory hostile work environment after she complained about discrimination," in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*. She also alleged that the School Board "subjected [her] to discrimination based on her age," in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633a.

Following the completion of discovery, the School Board filed a motion for summary judgment, which the district court granted. Applying the four-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), for assessing her discrimination claims, the court concluded that Green had failed to present evidence satisfying two of the steps. It noted that Green failed to establish (1) that she was meeting her employer's legitimate job expectations and (2) that similarly situated employees outside of her protected class were treated differently with respect to the non-renewal of their contracts. On Green's retaliation claim, the court concluded that the record failed to support the causative element — that the adverse employment action was taken

2

in response to protected activity. From the district court's order dated April 6, 2021, granting the School Board summary judgment, Green filed this appeal, challenging only the ruling on her Title VII claims — discrimination and retaliation.

Reviewing the summary judgment *de novo*, we affirm.

Taking the facts in the light most favorable to Green, the record shows the following. Green began working in the Anne Arundel County school system in 2005, as a teacher's assistant. After earning a bachelor's degree, she received a conditional teaching certificate and therefore, when she was hired in August 2016, it could only be with a provisional contract that was valid for a maximum of one year. Green was hired to a fill a split position, serving two schools — with one role as a special education reading intervention teacher at Brooklyn Park Middle School and the other role as a special education social studies teacher at Marley Middle School. Brooklyn Park Middle School, however, was her home school, and therefore the Principal of that school was responsible for conducting Green's evaluation ratings.

The first rating observation was conducted by her Principal at Brooklyn Park on December 8, 2016, and on over 30 specified categories for assessment, Green received no "Highly Effective" rating. She was rated "Effective" in 10 areas, "Developing" in 12 areas, and "Ineffective" in 10 areas. Overall, this was a poor rating.

A second rating observation at Brooklyn Park was conducted by her Assistant Principal on March 13, 2017, and again on over 30 specified categories, Green received no rating of "Highly Effective." She was rated "Effective" in 7 areas, "Developing" in 15 areas, and "Ineffective" in 12 areas. Again, this was a poor rating.

Finally, a rating observation was conducted at Marley Middle School by her Assistant Principal there on February 6, 2017. Again Green received no rating of "Highly Effective." She was rated "Effective" in 1 area and "Ineffective" in 32 areas. This was even a poorer rating, and Green objected to it.

Also, during the course of the school year, Green received a counseling letter and a warning letter. The counseling letter dated October 27, 2016, was issued after Green threatened to record the conduct in her class if students did not stop jumping on desks. While she displayed a recording device, she did not actually record the students. Nonetheless, the letter advised Green that recording was an inappropriate classroom management technique. And the warning letter, dated February 6, 2017, addressed complaints that Green hit students and thereafter called the parents of every student in the class to ask who reported her. While the hitting incident was investigated and disputed, inasmuch as Green acknowledged touching students but not hitting them, the warning related especially to her interference with the investigation by calling the parents.

During the course of the school year, Green herself made two workplace complaints. She filed a grievance after receiving the poor rating at Marley Middle School, and she complained that another Marley Middle School Assistant Principal (not the Assistant Principal who rated her) heard her mispronounce words in class and suggested that she seek the help of two African American women to improve her phonics.

On February 16, 2017, in the middle of the school year, Green filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming that before she was hired in August 2016, she had applied for teaching positions beginning

4

in April 2016 but was not selected for any position until her current position. She provided no evidence to support her claim that the failure to obtain a position earlier was the result of discrimination. The EEOC investigated the claim and issued a finding of no probable cause.

At the end of the school year, Green's Principal at Brooklyn Park recommended that her contract not be renewed because of her poor ratings, and the School Board agreed. Green was accordingly not rehired, leading to the commencement of this action.

Following discovery, Green presented no evidence that her grievance following her poor Marley Middle School rating and her counseling with respect to the mispronunciation of words — both of which occurred at Marley Middle School — was considered when her Principal at Brooklyn Park recommended that she not be rehired. And she presented no evidence to show that a similarly situated person outside of her protected class was treated differently. She did identify a Caucasian teacher named "Peterson" who had complained about a rating that he received and was able to have it upgraded following his complaint. She noted that he was rehired whereas she had not been rehired. But her evidence ends there. Especially significant is her failure to provide evidence about the basis for Peterson's original low rating and about the circumstances giving rise to the change in rating.

On this record, we conclude with respect to her discrimination claim that (1) Green has failed to show that she met the School Board's legitimate job expectations and (2) she failed to show that some similarly rated teacher outside of her protected class was treated differently, thus failing to satisfy the factors necessary to prove discrimination. And with respect to retaliation, we also conclude that Green failed to produce evidence that the

5

School Board's poor ratings of her were prompted by her filing the February 16, 2017 EEOC complaint. The greatest difficulty for her arises from the fact that two of the rating observations were conducted *before* she filed her EEOC complaint and therefore could not have been influenced by her filing the complaint. Moreover, while the third rating was conducted after Green filed her complaint, she presented no evidence that her reviewer was even aware of her EEOC complaint.

In sum, we agree with the district court that on this record, the School Board was entitled to summary judgment.

AFFIRMED